**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-7540**

———————

JOHN H. GARVIN,

                    Petitioner – Appellant,

        v.

WILLIE EAGLETON,

                    Defendant - Appellee.

———————

Appeal from the United States District Court for the District of South Carolina, at Anderson.   J. Michelle Childs, District Judge.  (8:12-cv-01165-JMC)

———————

Submitted: October 22, 2013        Decided:  October 25, 2013

———————

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

John H. Garvin, Appellant Pro Se. Brendan McDonald, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Donald John Zelenka, Senior Assistant Attorney General, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John H. Garvin seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing Garvin's 28 U.S.C. § 2254 (2006) petition as untimely. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on July 24, 2013. The notice of appeal was filed on August 25, 2013.[*] Because Garvin failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny Garvin's motion for a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>
